IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ROLAND MORENO,** § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. SA-06-CA-0320-RF |
| § | |
| **CPS ENERGY, formerly known as** § | |
| **CITY PUBLIC SERVICE,** § | |
| Defendant. § | |

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES
AND TO COMPEL THE PRODUCTION OF DOCUMENTS**

TO THE HONORABLE ROYAL FURGESON, UNITED STATES DISTRICT JUDGE:

Now comes ROLAND MORENO, the Plaintiff in the above-styled and numbered cause, by and through his undersigned attorney, and pursuant to Rule 37(a)(2)(B), (3) and (4) of the Federal Rules of Civil Procedure, as well as Local Court Rule CV-7, respectfully moves this Honorable Court for an order compelling the Defendant to answer certain of the Interrogatories propounded to Defendant in Plaintiff's First Set of Interrogatories and for an order compelling the Defendant to produce certain documents requested in Plaintiff's First Request for Production of Documents. In support of this Motion, Plaintiff would respectfully show the Court the following:

(1)     Plaintiff filed his Original Complaint herein on April 11, 2006. In paragraph (7) of his Complaint, Plaintiff alleged that, ever since Milton Lee, who is Black or African-American, was appointed CEO and General Manager of CPS Energy, in March of 2002, he has followed a practice or policy of hiring or promoting Blacks or African-Americans into positions of responsibility at CPS, while at the same time demoting, reassigning, encouraging to resign or encouraging to retire equally or better qualified Hispanics or Mexican-Americans, and, to a lesser degree, Whites or Anglo-Americans. Plaintiff alleges that he was a victim of that practice or policy when he was demoted in

June of 2004 from Director of Corporate Reporting, an Executive position at CPS, to Manager of Corporate Reporting, a non-Executive position.

(2) Plaintiff's proposed First Amended Complaint, submitted for filing on September 22, 2006, makes the same allegations.

(3) On June 29, 2006, Defendant served upon counsel for Plaintiff its First Set of Interrogatories and Request for Production of Documents. A true and correct copy of said discovery request is attached hereto as Exhibit A. In Interrogatories Nos. 11, 12 and 13, Defendant asked Plaintiff to identify all Blacks or African-Americans whom he contends were hired or promoted pursuant to the alleged policy or practice, and to identify all Hispanics or Mexicans and all Whites or Anglo-Americans he contends were demoted, reassigned, encouraged to resign, and/or encouraged to retire. By seeking such discovery from Plaintiff, Defendant has judicially admitted or is estopped from denying that the information is relevant to the Plaintiff's claims herein, is discoverable, and/or could lead to the discovery of admissible evidence.

(4) On August 17, 2006, Plaintiff answered Defendant's Interrogatories, and provided the information requested by Interrogatories 11, 12 and 13. **See** Exhibit B attached hereto.

(5) On August 11, 2006, Plaintiff served his First Set of Interrogatories and First Request for Production of Documents upon counsel for Defendant. On September 14, 2006, Defendant served its Objections and Answers to Plaintiff's First Set of Interrogatories and its Objections and Responses to Plaintiff's First Request for Production of Documents. True and correct copies of Defendant's Answers and Responses are attached hereto as Exhibits C and D.

(6) In Interrogatory No. 11, Plaintiff requested that Defendant identify any and all Executive positions which have existed at CPS at any time during the period from January 1, 2002

to the present, and that Defendant identify, by name, race or national origin, and age,[1] each of the persons who have occupied those positions. The purpose of Interrogatory No. 11 is to obtain information from Defendant as to the racial and/or ethnic composition of the Executive workforce at CPS, both **prior** to Mr. Lee's appointment as CEO and General Manager and **subsequent** thereto, so that comparisons can be made, and questions may be posed to Mr. Lee as to why changes to the Executive workforce were made. That information is clearly relevant to Plaintiff's contention that Mr. Lee, as CEO and General Manager, has implemented a plan to favor Blacks or African-Americans for Executive positions within the company, while, at the same time, disfavoring Hispanics, Mexican-Americans and Anglos.

(7) In Interrogatory No. 12, Plaintiff asked the Defendant to identify all Executive positions, other than the Plaintiff's position as Director of Corporate Reporting, which have been reclassified since January 1, 2002, and to provide information regarding the persons occupying those positions. The information sought by that Interrogatory is clearly relevant to Plaintiff's claims of systemic discrimination at CPS, to his claim that his position was identified for "evaluation" and subsequent "reclassification" because of his national origin, that other Hispanic Executives have also been "reclassified" and/or demoted, and that non-Hispanics' positions have been "reclassified" to justify promoting them to Executive level positions.

(8) In Interrogatory No. 14, Plaintiff has asked the Defendant to identify all positions which have been upgraded since Mr. Lee became CEO and General Manager, and to provide information regarding the persons whose positions have been upgraded. The information sought by

---

1. In his proposed First Amended Complaint, submitted for filing on September 22, 2006, Plaintiff no longer alleges that he was discriminated against because of his age. Therefore, any previous discovery requests, insofar as they were directed to the issue of age, are withdrawn.

that Interrogatory is clearly relevant to Plaintiff's contention that Black or African-American employees' positions have been upgraded to justify their "promotion" to Executive level positions and/or to put them in a better position for future promotion to Executive level positions.

(9) Interrogatory No. 15 requests that Defendant identify all Executive positions which have been created within CPS since Mr. Lee became CEO and General Manager, and provide information regarding the persons who have occupied those positions. The information sought by this Interrogatory is very similar to the information sought by Interrogatory No. 11, and is relevant for the same reasons.

(10) In Interrogatory No. 16, Plaintiff asked Defendant to describe the racial or ethnic composition of CPS' workforce during the period from 2001 through 2006. The information sought by Interrogatory No. 16 is relevant to the issue of whether Blacks or African-Americans have been or are over-represented in Executive positions, as opposed to non-Executive positions, within the company.

(11) Interrogatory No. 17 seeks similar information in regard to the racial or ethnic composition of the supervisory workforce at CPS. The information sought is relevant to Plaintiff's claim that Blacks or African-Americans have been given priority consideration or preference for positions of responsibility since Mr. Lee's appointment as CEO/General Manager in March of 2002. The information sought will present a before and after picture.

(12) Defendant CPS Energy has objected to and refused to answer, at all, Interrogatories Nos. 11, 12, 14, 15, 16 and 17. Defendant should be compelled to answer those Interrogatories.

(13) Defendant has also objected to or failed to completely answer Interrogatories Nos. 2, 4, 5, 6, 7, 10, 18 and 20. Defendant should be compelled to fully and completely answer those

Interrogatories.

(14)     Defendant has also objected to Plaintiff's Requests for Production of Documents Nos. 21 through 27 on the same grounds that it has objected to Interrogatories Nos. 11, 12, 14, 15, 16 and 17. For the same reasons stated in reference to those Interrogatories, Defendant should be compelled to produce any and all documents responsive to those requests.

(15)     Defendant has also objected to Plaintiff's Request for Production No. 29, which seeks production of documents reflecting, referring to or relating to other complaints of race or national origin discrimination made by other Hispanic or Mexican-American employees of the Defendant that they too have been victims of Mr. Lee's anti-Hispanic policies and practices. Defendant objects that the Request is overly broad and argues that its scope should be limited to Plaintiff's employment with Defendant and to complaints made by Plaintiff against the same person who made the decision to "reclassify" or demote him. The information sought by Request No. 29 is clearly relevant to Plaintiff's pattern and practice claim and Defendant should be compelled to produce any responsive documents.

(16)     On September 19, 2006, counsel for Plaintiff wrote to counsel for Defendant in an attempt to confer, in good faith, regarding the Defendant's objections to his discovery requests, and to resolve the same without requesting court action. A true and correct copy of counsel for Plaintiff's letter is attached hereto as Exhibit E. For the reasons set forth in that letter, in addition to the reasons set forth herein, an order compelling the requested discovery should be entered.

(17)     Counsel for Defendant responded to counsel for Plaintiff on September 29, 2006. A true and correct copy of counsel for Defendant's letter is attached hereto as Exhibit F. As reflected therein, it appears that it is the Defendant's position that the information sought in Interrogatories

Nos. 11, 12, 14, 15, 16 and 17, and Requests for Production Nos. 21 through 27 and 29, is not relevant to Plaintiff's claims herein.

(18)   On Wednesday, October 18, 2006, counsel for Defendant took the oral and videotaped deposition of the Plaintiff.  Although Defendant contends that Plaintiff's discovery requests regarding his pattern and practice claims do not seek relevant information, counsel for Defendant spent a significant amount of time and effort questioning the Plaintiff during his deposition on exactly those same subjects.  See the excerpts from Plaintiff's deposition, attached hereto as Exhibit G.  Plaintiff contends that Defendant has waived its objections to Plaintiff's discovery requests by seeking discovery from Plaintiff on the same issues and claims which it contends are irrelevant when Plaintiff seeks similar information.

(19)   In support of its objections, Defendant relies upon the Fifth Circuit's opinion in *Celestine v. Petroleos De Venezuela SA*, 266 F. 3d 343, 355-56 (5th Cir. 2001).  In that case, 206 African-American plaintiffs filed suit against Citgo Petroleum Corporation in 1993, alleging that Citgo had engaged in a pattern and practice of racial discrimination in terms of hiring, promotions and training. *Id*. at 348.  The plaintiffs sought class certification, which was denied, and the case proceeded to trial on the claims of only 3 of the original 206 plaintiffs. *Id*.  A jury returned a verdict in favor of Citgo on those claims, and no appeal was taken. *Id*.  However, the claims of a second group of 36 employees who made claims that Citgo failed to promote or train them was also allowed to go forward. *Id*. At 349.  The district court granted summary judgment against that group, and the group appealed. *Id*.  In granting summary judgment, the district court applied the usual *McDonnell Douglas* burden - shifting analysis to each of the plaintiff's claims. *Id*. At 355.  However, the plaintiffs argued that the district court should have applied the "pattern and practice" analysis set

forth in *Int'l Brotherhood of Teamsters v. U.S.*, 431 U.S. 324, 358-59, 97 S. Ct. 1843, 1866-67, 52 L. Ed. 2d 396 (1977). *Id*. Citing *Mooney v. Aramco Svcs. Co.*, 54 F. 3d 1207, 1219 (5th Cir. 1995), the Court of Appeals noted that "A pattern and practice case is not a separate and free-standing cause of action (as the appellants assert), but is really 'merely another method by which disparate treatment can be shown.' " *Id*.

Whereas the Defendant cites *Celestine* for the proposition that a single plaintiff asserting disparate treatment cannot prove such disparate treatment through evidence of a pattern or practice, the above-referenced quote from *Celestine* states otherwise.

The *Celestine* court went on to state that the "typical" pattern and practice case is brought either by the government or as a class action, but it did not state that pattern and practice evidence is irrelevant or inadmissible (and it certainly did not state that it is not discoverable) in a single plaintiff or non-class action case. *Id*. In fact, the Court of Appeals admitted that neither it nor the Supreme Court had ever explicitly held that the pattern and practice method of proof cannot be used in a private, non-class case. *Id*. at 355-356.

Although the Court of Appeals eventually found that the district court did not err in refusing to analyze the plaintiffs' claims under the pattern and practice method of proof, the Court did so only because the plaintiffs were arguing that the "pattern and practice" method made the *McDonnell Douglas* method superfluous. In this case, the Plaintiff seeks discovery of information which will satisfy both burdens of proof. Plaintiff believes that he can prove that the decision to demote him was unlawful not only under *McDonnell Douglas* but also is a product of the Defendant's pattern and practice. Furthermore, whether the evidence of a pattern and practice will be admissible at trial, or in a summary judgment proceeding, is an entirely different question than whether it is

discoverable.

(20)　On October 26, 2006, counsel for Plaintiff made yet another attempt to resolve the parties' discovery disputes by faxing to counsel for Defendant a letter and a copy of this Motion to Compel.  A true and correct copy of counsel's October 26 letter is attached hereto as Exhibit H. Counsel for Defendant did not respond.

(21)　Pursuant to Local Court Rule CV-7(g), Plaintiff requests an oral hearing of this Motion.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff ROLAND MORENO respectfully moves this Honorable Court to order the Defendant CPS ENERGY to answer fully and completely Interrogatories Nos. 2, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 and to produce any and all documents responsive to Requests for Production Nos. 21 through 27, and 29.

Respectfully submitted,

　/s/   Glen D. Mangum　　
GLEN D. MANGUM
State Bar No. 12903700

111 Soledad, Suite 725
San Antonio, Texas 78205-2381
Telephone No. (210) 227-3666
Telecopier No. (210) 271-9557

**ATTORNEY FOR PLAINTIFF
ROLAND MORENO**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of November, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ms. Shannon B. Schmoyer and
Ms. Christine E. Reinhard
Akin Gump Strauss Hauer & Feld LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205

    /s/ Glen D. Mangum
GLEN D. MANGUM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **ROLAND MORENO,** § | |
| Plaintiff, § | |
| § | |
| V. § | **CIVIL ACTION NO. SA-06-CA-0320-RF** |
| § | |
| **CPS ENERGY, formerly known as** § | |
| **CITY PUBLIC SERVICE,** § | |
| Defendant. § | |

**ORDER**

On this day came on for consideration Plaintiff's Motion to Compel Answers to Interrogatories and to Compel the Production of Documents, including Plaintiff's request for an oral hearing made pursuant to Local Court Rule CV-7(g), and the Court finds that an oral hearing should be held on Plaintiff's Motion, prior to any ruling thereon.

It is accordingly ORDERED that a hearing shall be held with respect to Plaintiff's Motion to Compel, as well as any response thereto by Defendant, on _____, November ____, 2006, beginning at _____ __.m. Counsel for the parties are hereby ORDERED to attend and participate in said hearing.

SIGNED and ENTERED this _____ day of November, 2006.

ROYAL FURGESON
United States District Judge