IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ROLAND MORENO,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. SA-06-CA-0320RF |
| § | |
| **CPS ENERGY, formerly known as** § | |
| **CITY PUBLIC SERVICE,** § | |
| § | |
| *Defendant*. § | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL ANSWERS TO
INTERROGATORIES & PRODUCTION OF DOCUMENTS**

For its Response to Plaintiff's Motion to Compel Answers to Interrogatories and to Compel the Production of Documents, Defendant City of San Antonio, acting by and through its agent City Public Service Board of San Antonio d/b/a CPS Energy ("CPS Energy"), respectfully shows the following:

**I.   OVERVIEW**

1.   This is a single party, disparate treatment case alleging national origin discrimination. Plaintiff asserts that, by merely putting "pattern and practice" language from class-based and collective government actions into his Complaint, he is somehow entitled to seek discovery on all aspects of Defendant's entire workforce, regardless of whether the extensive data sought will lead to admissible evidence. The information sought in Plaintiff's Motion to Compel is irrelevant to the issues Plaintiff is entitled to assert in his individual case; rather, the disputed discovery requests are nothing more than a fishing expedition intended to unduly burden Defendant and unnecessarily increase the cost of litigation. For this reason and those detailed below, this Court should deny Plaintiff's Motion.

## II.     ARGUMENT & AUTHORITIES

### A.     *Standard of Review*

2.     The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any matter, not privileged, which is **relevant to the subject matter involved in the pending action** . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  FED. R. CIV. P. 26(b)(1) (emphasis added).  Although "relevance" has been construed broadly, discovery that has "no conceivable bearing on the case" should not be permitted.  8 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2008; s*ee also Jones v. Metzger Dairies, Inc*., 334 F.2d 919, 925 (1964) (stating that the process of discovery "must be kept within workable bounds on a proper and logical basis for determination of the relevance of that which is sought to be discovered"), *cert. denied,* 379 U.S. 965 (1965).  The court is also empowered to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit."  FED. R. CIV. P. 26 (b)(2).

### B.     *"Pattern and Practice" Claims have no Relevance in Single-Plaintiff Litigation*

3.     The only substantive issue presented in Plaintiff's Motion is whether he can obtain discovery on Defendant's entire workforce in all aspects of their composition, hiring, termination, promotion, and so on, categorized by race and national origin.  Plaintiff contends that he is entitled to such information solely because he alleges a "pattern and practice" of discrimination in his Complaint.  The Fifth Circuit, however, has made clear that a "pattern and practice" claim of discrimination involves a totally separate burden of proof as well as presumptions of discrimination that are established by statute, and therefore, this method of proof is reserved solely for the government and, by court extension, to class-based actions.  In

contrast, single-party plaintiffs are required to either produce direct evidence of discrimination against them personally or to utilize the *McDonnell Douglas*[1] framework of proof.

4. The Fifth Circuit has clearly and authoritatively addressed this issue in *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343 (5th Cir. 2001). In *Celestine*, the 36 plaintiffs attempted to refute a motion for summary judgment by presenting evidence of what they asserted was a pattern and practice of discrimination, based upon the method of proof recognized for governmental claims in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). *See Celestine*, 266 F.3d at 355. The district court rejected this evidence, instead requiring the plaintiffs to meet the *McDonnell Douglas* framework. The Fifth Circuit upheld the lower court's ruling as entirely proper. *Id.* at 355-56. In so holding, the Fifth Circuit specifically stated as follows:

> This conclusion is based on precedent that **the *Teamsters* method is simply not available to plaintiffs that are not part of a class action.** *See Scarlett* [*v. Seaboard Coast Line Railroad Co.,* 676 F.2d 1043, 1053 (5th Cir. 1982)] (indicating that to use this method the plaintiff must either be part of a class action or the suit must be instituted by the government under certain circumstances). As the plaintiffs are before us in their individual capacities, due to their failure to obtain class certification, the *Teamsters* method is not available to them. *Id.*

266 F.3d at 356, n. 4 (emphasis added). Thus, in *Celestine*, the Fifth Circuit expressly held that the pattern and practice method of proof is not available to single-party plaintiffs.

5. Plaintiff quotes a portion of *Celestine* for the proposition that a pattern and practice case is "merely another method of proof by which disparate treatment can be shown" without noting that the cited section is from the court's initial discussion of the issue in which the Fifth Circuit quotes *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1219 (5th Cir. 1995). It is true that the *Teamsters* method is an alternative method of proof—for class actions, that is. As made

---

[1] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

clear by the inset quote above, the Fifth Circuit did not permit single-party plaintiffs to use a pattern and practice theory as an alternative method of proof. To the contrary, to extent the Fifth Circuit in *Celestine* refers to a pattern and practice claim as another method of proof, it makes clear that this alternate method of proof available **only** to class-based and governmental plaintiffs, and **not** to individual plaintiffs in lieu of the *McDonnell Douglas* framework. *Celestine*, 266 F.3d at 356, n. 4

6. Likewise, Plaintiff's characterization of the Fifth Circuit's "admission" that Supreme Court has never held that the pattern and practice method of proof cannot be used in a private case is a miscasting of the Fifth Circuit's actual finding. The Fifth Circuit merely stated that "[t]he Supreme Court has never applied the *Teamsters* method of proof in a private, non-class suit and has recognized the distinction between individual racial discrimination claims and class actions." *Id*. at 355. The Fifth Circuit also noted that, while the Supreme Court has never reached the issue, "other courts have reached this conclusion." *Id*. In regard to prior Fifth Circuit authority, the *Celestine* court found that "this Court's precedents seem to support such an **exclusion**." *Id.* at 356 (emphasis added).

7. In order to obtain the disputed discovery, Plaintiff must establish that the information sought is either relevant or reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Because the information sought affirmatively cannot be used by Plaintiff to prove his case, for the reasons set forth above, it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Plaintiff's Motion to Compel as to Interrogatories 11, 12, 14, 15, 16 and 17, and as to Requests for Production 21-27 and 29 should be denied.

### C.  *Allowing Requested Discovery Would Require Unknown & Unlimited Number of "Mini-Trials"*

8. In addition to the foregoing, allowing Plaintiff to seek discovery on the composition, hiring, termination, promotion, demotions and other employment actions of the entire workforce would turn the discovery period and trial of his single-party litigation into an untold number of "mini-lawsuits." Defendant would be forced to gather evidence so that it could try each individual employment action it has taken over numerous years, effectively creating a class action from an individual claim. Plaintiff no doubt hopes to create such a situation, so that Defendant has an economic disincentive to defend this lawsuit, and thus, instead will settle on terms highly favorable to Plaintiff.

9. Federal courts have long held that evidence of this nature lacks sufficient probative value and should be excluded as it is extremely prejudicial to the Defendant. *See, e.g., Wyvill v. United Cox. Life Ins. Co.*, 212 F.3d 296, 302-04 (5th Cir. 2000) (recognizing that testimony regarding alleged discrimination against other employees should be excluded because it is not relevant to plaintiff's discrimination claim and prejudices the employer by forcing it to respond to each witness's claims and creating "several trials within a trial"); *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 356-60 (5th Cir. 1995) (evidence of discriminatory acts by other supervisors towards other employees properly excluded); *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir.) (motion in limine properly granted by district court because the evidence regarding the termination of employees other than the Plaintiff would have required "significant litigation within litigation") *cert. denied*, 498 U.S. 897 (1990); *Harpring v. Continental Oil Co.*, 628 F.2d 406, 410 (5th Cir. 1980) (upholding district court's exclusion of testimony from similarly situated employees regarding the reasons for their own discharge on the basis that such testimony "would involve trying another lawsuit within the existing lawsuit"), *cert. denied*, 454 U.S. 819 (1981).

10. If Plaintiff is allowed to bring evidence of employment actions involving other persons throughout Defendant's entire workforce, Defendant will be forced to gather information responsive to each person individually. Discovery will need to be expanded to examine every employment decision, including the qualifications and background of each individual, the general circumstances of each individual decision, the business purpose behind every supervisor's decision, and so forth. By doing so, an individual claim justifying a few months of discovery and a trial of a week or less will be transformed into what is effectively a class action taking many, many months. This Court should not allow Plaintiff to pursue such unduly burdensome discovery, particularly when the evidence sought is ultimately inadmissible at trial.

## C.   *Defendant's Objections Not Waived*

11. Plaintiff also asserts that Defendant has somehow waived its objections by propounding discovery and asking questions in Plaintiff's deposition about his "pattern and practice" allegations. Plaintiff cites no authority for this remarkable proposition, and indeed, it does not appear that any such authority exists. It is undisputed that Defendant timely stated its objections in response to Plaintiff's discovery requests, pursuant to Rules 33 and 34, FED. R. CIV. P. Nothing further is required to preserve such an objection.

12. Defendant nevertheless propounded discovery and asked questions at Plaintiff's deposition on his "pattern and practice" claim because no decision had been rendered by the Court regarding the availability of Plaintiff's asserted method of proof. Because, as Plaintiff acknowledges, his pattern and practice claims involve a method of proof rather than a cause of action, a motion to dismiss these claims was unavailable to Defendant. Although Defendant is confident that, under the Fifth Circuit's decision in *Celestine,* the *Teamsters* method is not available to Plaintiff, simple prudence mandates Defendant seek discovery on all claims asserted

by Plaintiff, rather than speculating on future rulings of the Court.  In that regard, Defendant has engaged in no conduct constituting a waiver of its objections.

### D. *Plaintiff Fails to Provide Any Argument Supporting Remainder of Motion*

13.    In Paragraph 13 of his Motion, Plaintiff refers to his Interrogatories Nos. 2, 4, 5, 6, 7, 10, 18 and 20, and merely states "Defendant should be compelled to fully and completely answer those Interrogatories."  Plaintiff provides no argument, authority or reason why the requested relief should be granted.

14.    Local Court Rule CV-7(c) provides that in support of motions, "The briefing shall contain a concise statement of the reasons in support of the motion and citation of authorities upon which the movant relies."  Likewise, Federal Rule of Civil Procedure 7(b)(1) requires that all motions "shall state with particularity the grounds therefor."  Because Plaintiff provides no argument or authority for the requested relief, this portion of his Motion should be dismissed outright.

15.    Because Plaintiff provides no reasons or argument, Defendant lacks sufficient notice to respond to this portion of his Motion.  Accordingly, Defendant can only rely upon and incorporate by reference its previous responses to Defendant's correspondence, which are attached to Defendant's Motion.  Defendant also maintains that Plaintiff has received much of the additional desired information through the depositions he took of Defendant's key decision-makers, Richard Williamson and Jeffrey Tuttle, including testimony related to the dates upon which certain actions or decisions were made and who was "involved" in the decisions relative to Plaintiff.

### E. *Oral Hearing Unnecessary*

16.    Plaintiff has requested an oral hearing on his Motion pursuant to Local Court Rule CV-7(g), which the Court has granted.  Defendant nevertheless wishes to point out to the Court

that this dispute involves a single, discrete issue fully and clearly resolved by the Fifth Circuit in *Celestine*. In this regard, oral argument may not be an efficient use of the Court's time and may only impose additional unnecessary expense on the Court and the parties. Therefore, Defendant suggests that the Court reconsider granting Plaintiff's request for an oral hearing.

### III. CONCLUSION & PRAYER

17. Plaintiff provides no authority for his proposition that a method of proof unavailable to him is grounds for obtaining discovery of ultimately inadmissible evidence . The Fifth Circuit has clearly and expressly held that the pattern and practice method of proof is available **only** to class-based litigants and the government. Because the discovery sought by Plaintiff is desired for the sole purpose of establishing a pattern and practice of discrimination in a single-plaintiff lawsuit, it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's Motion should therefore be denied in its entirety.

For the foregoing reasons, Defendant respectfully prays that the Court enter an Order denying Plaintiff's Motion to Compel Answers to Interrogatories and to Compel the Production of Documents. In addition, Defendant prays for all other relief to which it may be justly entitled.

Respectfully submitted,

/s/ Christine E. Reinhard_____
Shannon B. Schmoyer
State Bar No. 17780250
Christine E. Reinhard
State Bar No. 24013389
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent, Suite 1500
San Antonio, Texas 78205
210.281.7000 (Telephone)
210.224.2035 (Facsimile)

**ATTORNEYS FOR DEFENDANT
CPS ENERGY**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of November, 2006, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Glen D. Mangum
Attorney for Plaintiff
111 Soledad, Suite 725
San Antonio, Texas 78205-2381

                                /s/ Christine E. Reinhard_____
                                Christine E. Reinhard