IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROLAND MORENO,<br>　　　　Plaintiff,<br><br>V.<br><br>CITY OF SAN ANTONIO, acting by and<br>through its agent, the CITY PUBLIC<br>SERVICE BOARD OF SAN ANTONIO,<br>doing business as CPS ENERGY, formerly<br>known as CITY PUBLIC SERVICE,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§　　CIVIL ACTION NO. SA-06-CA-0320-RF<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO
COMPLETE DISCOVERY AND TO FILE DISPOSITIVE MOTIONS**

TO THE HONORABLE ROYAL FURGESON, UNITED STATES DISTRICT JUDGE:

　　Now comes ROLAND MORENO, the Plaintiff in the above-styled and numbered cause, and, pursuant to Local Court Rule CV-7(c), respectfully moves this Honorable Court to extend the time within which discovery may be conducted and completed, and to similarly extend the deadline for filing dispositive motions. In support of this Motion, Plaintiff would show the Court the following:

　　(1)　Plaintiff's Original Complaint was filed on April 11, 2006, and Defendant's Original Answer was filed on May 8, 2006.

　　(2)　A Scheduling Order was signed on June 30, 2006.

　　(3)　Pursuant to the Scheduling Order, the parties were directed to complete discovery by December 22, 2006, and to file dispositive motions by January 22, 2007.

　　(4)　By Order dated July 6, 2006, this case was set for jury selection and trial on May 21, 2007, at 9:00 a.m.

(5) Both parties have diligently pursued written discovery from the other, and both parties have taken oral depositions of various witnesses in the case. The Defendant has taken the Plaintiff's deposition, and the Plaintiff has taken the deposition of two (2) of Defendant's witnesses who were identified as having been involved in the decision to reclassify/demote the Plaintiff.

(6) However, as the Court will recall, by virtue of the recently held hearing in this matter on Plaintiff's Motion to Compel, the parties have already experienced some disputes in this case in regard to what is discoverable and what is not.

(7) On December 7, 2006, the Court held a hearing on Plaintiff's Motion to Compel Defendant to answer certain Interrogatories previously propounded to it, and to produce certain documents which Plaintiff had previously requested that it produce. After hearing the matter, the Court granted Plaintiff's Motion in part, and denied it in part.

(8) An Order was signed by the Court on December 8, 2006, ordering the Defendant to produce organizational charts showing its Executive and managerial positions (a) six months before Plaintiff's demotion, (b) six months after his demotion, and (c) at present. The Defendant was ordered to list each Executive or managerial position by title, and to state each Executive or manager's name and race or ethnicity.

(9) Today, December 21, 2006, the Defendant has produced certain documents in attempted compliance with the Court's December 8, 2006 Order. True and correct copies of the documents produced are attached hereto as Exhibit A. Inasmuch as the documents have been produced only one (1) day prior to expiration of the discovery deadline, Plaintiff and his counsel will not have a sufficiently reasonable amount of time to review the information produced, to determine whether it complies with the Court's Order, or to determine the necessity or advisability of any

additional discovery to be sought based upon the information produced. For this reason, Plaintiff seeks an order of the Court extending the time to complete discovery herein, and respectfully requests that the Court extend the deadline for completion of discovery for a period of six (6) weeks, from December 22, 2007 to February 2, 2007.

(10)    As an additional ground for extending the deadline, Plaintiff would show the Court that Plaintiff had originally scheduled the deposition of Milton Lee, the CEO and General Manager of CPS Energy, to be taken on December 6, 2006, at 1:30 p.m. It is Plaintiff's contention that Mr. Lee has, since he became CEO and General Manager in early 2002, established and implemented a policy or practice whereby Hispanic or Mexican-American Executives and managers have been demoted and Blacks or African-Americans have been hired or promoted to Executive or managerial positions at CPS.

(11)    As soon as counsel for Plaintiff became aware that the Court had scheduled a hearing on Plaintiff's Motion to Compel on December 7, 2006, by which Motion to Compel Plaintiff sought information upon the basis of which he intended to depose Mr. Lee, he contacted counsel for Defendant, cancelled the deposition scheduled for December 6, 2006, and requested that counsel advise him as to when Mr. Lee could be made available for his deposition after December 7, 2006.

(12)    In response, counsel for Plaintiff was advised that Mr. Lee would not be available for purposes of rescheduling his deposition until the week of January 15, 2007. Based upon that representation, the parties agreed to reschedule Mr. Lee's deposition to January 18, 2007, at 1:30 p.m. Although counsel for Defendant agreed not to assert the expiration of the discovery deadline on December 22, 2006 as a bar to the taking of Mr. Lee's deposition on January 18, 2007, Local Court Rule CV-16(d) states that, "Depositions must be completed before the discovery deadline.

3

Notices served before the discovery deadline which purport to schedule depositions after the discovery deadline will not be enforced."

(13)   While counsel for Plaintiff has no doubt that counsel for Defendant intends to honor her agreement not to assert the expiration of the discovery deadline as a bar to Plaintiff's taking of Mr. Lee's deposition, counsel for Plaintiff does have some concern that, even if Mr. Lee's deposition is commenced as scheduled on January 18, 2007, disputes may arise during the course of the deposition as to what is discoverable and what is not.  If the discovery deadline is not extended, Plaintiff will have no way of resolving any such disputes through court intervention, because the Court will not intervene if the dispute arises after the deadline has expired or is not brought to the Court's attention before the deadline expires.  For this additional reason, Plaintiff moves for an extension of the discovery deadline.

(14)   If the discovery deadline is extended, so should the dispositive motions deadline be extended.

(15)   Counsel for Plaintiff has conferred with counsel for Defendant regarding this Motion, and counsel for Defendant has stated that she does not oppose the relief requested herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, ROLAND MORENO, respectfully moves this Honorable Court to grant this Motion for an Extension of Time to Complete Discovery and to File Dispositive Motions.

                Respectfully submitted,


                 /s/   Glen D. Mangum
                GLEN D. MANGUM
                State Bar No. 12903700

                111 Soledad, Suite 725
                San Antonio, Texas 78205-2381
                Telephone No. (210) 227-3666
                Telecopier No. (210) 271-9557

                **ATTORNEY FOR PLAINTIFF**
                **ROLAND MORENO**


## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ms. Shannon B. Schmoyer and
Ms. Christine E. Reinhard
Akin Gump Strauss Hauer & Feld LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205


                /s/ Glen D. Mangum
                GLEN D. MANGUM

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROLAND MORENO,** | § | |
| Plaintiff, | § | |
| | § | |
| **V.** | § | |
| | § | |
| **CITY OF SAN ANTONIO, acting by and through its agent, the CITY PUBLIC SERVICE BOARD OF SAN ANTONIO, doing business as CPS ENERGY, formerly known as CITY PUBLIC SERVICE,** | § § § § § § | **CIVIL ACTION NO. SA-06-CA-0320-RF** |
| Defendant. | § | |

## ORDER

On this day came on for consideration Plaintiff's Motion for an Extension of Time to Complete Discovery and to File Dispositive Motions, as well as any response thereto by Defendant, and the Court finds that said Motion is made for good cause shown therein, is in the interests of justice, and should therefore be granted.

It is accordingly ORDERED that Plaintiff's Motion for Extension of Time to Complete Discovery and to File Dispositive Motions is GRANTED.

The deadline for completion of discovery is extended to February 2, 2007, and the deadline for filing dispositive motions is extended to March 5, 2007.

SIGNED and ENTERED this _____ day of December, 2006.

_____
ROYAL FURGESON
United States District Judge